IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-HC-2009-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            Petitioner, )<br>                    )<br>v.                    )<br>                     )<br>FREDERICK SPRINGER,    )<br>            Respondent. ) | ORDER |

      This matter is before the Court on the government's motion for a stay pending appeal [DE 39]. The Court entered an order on September 7, 2012,[1] finding that the government had failed to satisfy its burden to show that respondent is sexual dangerous to others under 18 U.S.C. § 4248 and ordering that respondent be placed in the custody of the appropriate United States Probation Office [DE 37]. The government now seeks a temporary stay of the release of respondent pending appeal or, in the alternative, a temporary stay until October 10, 2012, to afford time for the Solicitor General to determine whether to exercise the government's appeal rights. Respondent, Mr. Springer, has responded [DE 42], and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted in part and denied in part.

## DISCUSSION

      At the outset, the Court notes that Mr. Springer does object to the government's request for a temporary stay. Accordingly, in the absence of opposition, the Court grants the government's request to temporarily stay this matter until October 10, 2012.

      In determining whether to grant an indefinite stay pending appeal, courts balance four

---

[1] The Court's order was entered on the Court's docket on September 10, 2012.

factors:"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted).

In regard to the first factor, the Court finds that the government has not made a strong showing that it is likely to succeed on the merits. The "strong showing" required to compel this Court to indefinitely stay its order pending appeal "is more stringent that the 'reasonable probability' standard that is applicable to a preliminary injunction." *Davis v. Meyers*, 101 F.R.D. 67, 69 (D. Nv. 1984). The government's motion falls short of the necessary showing for a stay to issue.

The government's motion relies on the Fourth Circuit's opinion in *United States v. Wooden*, No. 11-7226, 2012 WL 3855641 (4th Cir. September 6, 2012), to contend that the Court committed clear error in adopting Mr. Springer's findings of fact and relying on the testimony and report of Dr. Plaud. The Court is aware of the holding in *Wooden*, and indeed cited to it in its order releasing Mr. Springer, and finds that it would not mandate a finding that the Court committed clear error in this case. In point of fact, this Court, relying on *Wooden* and other recent opinions from the Fourth Circuit, engaged in an appropriate analysis of Dr. Plaud's testimony and report, including in its notation of Dr. Plaud's statement regarding the individuals with which the Adam Walsh Act is concerned; quite to the contrary of the government's assertion here, the Court did not "adopt the impulsivity-based arguments of the expert in *Wooden*" [DE 40 at 16], but rather evaluated whether Mr. Springer's "mental illness renders [him] dangerous beyond [his] control." *United States v. Francis*, 686 F.3d 265, 275 (4th Cir.

2

2012).

In regard to the second factor, the government asserts that the undisputed evidence shows that Mr. Springer has engaged in child molestation and sexually violent conduct. Mr. Springer has indeed stipulated to the fact that he has engaged in sexually violent conduct or child molestation in the past, but this Court has already found that the government has failed to show by clear and convincing evidence that he will have serious difficulty refraining from such conduct if released. While the Court does not suggest that there is no possibility that Mr. Springer will re-offend upon release, a showing only of a "possibility of irreparable injury," *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998), fails to satisfy the second *Hilton* factor. Accordingly, this factor also weighs against the issuance of a stay.

As to the third factor, the Court finds that a stay will harm Mr. Springer. Mr. Springer has remained in custody past the expiration of his criminal sentence awaiting resolution of his civil commitment case, and his continued incarceration is unacceptable under the laws and constitutional protections afforded to all citizens. The Court has already carefully considered evidence and testimony presented during Mr. Springer's evidentiary hearing in light of the relevant legal principles, ultimately finding that Mr. Springer is not committable under the Adam Walsh Act. With the issue so thoroughly examined and now resolved in Mr. Springer's favor, his continued detention would only serve to harm Mr. Springer.

Finally, after considering the fourth *Hilton* factor, the Court finds that the public interest lies in effectuating its order. While there is a "great public interest in monitoring predatory offenders," *Doe v. LaDue*, 514 F. Supp.2d 1131, 1138 (D. Minn. 2007), "there is an equally strong public interest in preserving constitutional rights." *Id.* And, as the *LaDue* court held,

3

where the government has the means to monitor offenders "without jeopardizing constitutional rights ... the greater public interest" is in the protection of the constitutional rights. *Id.* As stated in the Court's order on commitment, Mr. Springer will be subject to conditions of a lifetime of supervised release upon his release from the Bureau of Prisons, including specific conditions regarding contact with minors and participation in a mental health program. While the government is correct to state that there is an important public interest in keeping sexually dangerous individuals off the streets, this Court has already found that the government has not met its burden to show that Mr. Springer is a sexually dangerous individual. Further, because the government will have the means to monitor Mr. Springer without jeopardizing his constitutional rights, the Court finds that this final factor also weighs against the issuance of a stay.

## CONCLUSION

For the foregoing reasons, and after careful consideration of the *Hilton* factors, the Court finds that a stay of Mr. Springer's release pending the appellate process is unwarranted, but that in light of Mr. Springer's response a temporary stay is justified. The government's motion to stay is accordingly GRANTED IN PART AND DENIED IN PART. Mr. Springer's release in this matter is hereby STAYED until October 10, 2012.

SO ORDERED, this **20** day of September, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE